UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 1:12MC04 |
| | ) | |
| INKSTOP, INC., | ) | Adv. Proc. No. 11-1307 |
|               DEBTOR, | ) | |
| | ) | |
| MARY ANN RABIN, Trustee, | ) | JUDGE SARA LIOI |
| | ) | |
|               MOVANT, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| SKODA MINOTTI & CO., et al., | ) | |
| | ) | |
|               RESPONDENTS. | ) | |
| | ) | |

This matter is before the Court on the unopposed motion of Defendants Skoda Minotti & Co. and Skoda Holdings LLC for withdrawal of reference as to Adversary Proceeding No. 11-1307, which is related to Bankruptcy Case No. 09-20524. On November 20, 2011, Mary Ann Rabin, the Chapter 11 Trustee of the bankruptcy estate of debtor InkStop, filed an adversary complaint against defendants based on defendants' alleged actions and omissions prior to the bankruptcy filing, alleging breach of contract, professional negligence, and preferential or fraudulent transfers by InkStop to defendants and seeking declaratory relief. Further, Inkstop seeks a declaration that the mediation provision contained in its agreement with defendants is inoperative and has been waived.

Defendants allege withdrawal of the reference is permissive pursuant to 28 U.S.C. § 157(d), as the proceeding is predominated by non-core claims. Further, defendants argue that the interests of judicial economy and preservation of resources support withdrawal of the reference for both the non-core and core allegations because only the District Court, and not the

Bankruptcy Court, may enter a final judgment in a non-core, related proceeding where, as here, plaintiff has demanded a jury trial and defendants will not consent to the entry of final orders by the Bankruptcy Court. The Trustee has not opposed the motion for withdrawal of the reference.

I.  STANDARD OF REVIEW

Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Bankruptcy Code does not define "cause." Consequently, the courts have developed a non-exhaustive list of factors to consider in determining whether cause exists. These factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101-02 (2d Cir. 1993); *In re O'Neal*, No. 5:08-MC-00043, 2008 WL 3932153, at *2-3 (N.D. Ohio Aug. 20, 2008). If "one or more of these factors is present, the court may find that cause exists to withdraw the matter." *United States v. Kaplan,* 146 B.R. 500, 504 (D.Mass. 1992). The moving party bears the burden of demonstrating that the reference should be withdrawn. *See In re Vicars Ins. Agency, Inc.,* 96 F.3d 949, 953 (7th Cir. 1996).

## II. DISCUSSION

With regard to Plaintiff's argument that the instant matter constitutes a non-core proceeding, 28 U.S.C. § 157(b)(3) requires that "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding." A court "considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Orion,* 4 F.3d at 1101. A non-core proceeding has four characteristics: (1) it is not specifically identified as a core proceeding under 28 U.S.C. §§ 157(b)(2)(B)-(N); (2) it existed prior to the filing of the bankruptcy case; (3) it would continue to exist independent of the provisions of the bankruptcy code; and (4) the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case. *In re Hughes-Bechtol,* 141 B.R. 946, 948-49 (Bankr. S.D. Ohio 1992).

Here, the Court would find that the instant matter is predominated by non-core claims. However, as the bankruptcy judge has never rendered a decision on this matter, the issue is not properly before the Court at this time. 28 U.S.C. § 157(b)(3). *See also In re Rivera,* No. 1:05MC65, 2005 WL 4001273, at *4 (N.D. Ohio Oct. 12, 2005) ("the question of whether an adversary proceeding is a core proceeding should initially be decided by the bankruptcy court") (citing 28 U.S.C. § 157(b)(3)). Nevertheless, plaintiff's right to a jury trial, jury demand and defendants' refusal to consent to a final determination by the Bankruptcy Court demonstrate independent and sufficient "cause" to withdraw the reference of the adversary proceeding.

The Bankruptcy Code does not authorize a bankruptcy judge to conduct jury trials absent special designation pursuant to 28 U.S.C. § 157 and the consent of the parties. 28 U.S.C. §

157(e).[1] *See also In Re Midgard Corp.,* 204 B.R. 764, 778 n. 18 (B.A.P. 10th Cir. 1997). Similarly, the Northern District of Ohio authorizes its bankruptcy judges to conduct jury trials with the consent of all parties. Local Bankr. R. 9015-2(a).

Plaintiff Trustee brings claims against defendants for fraudulent or preferential transfer, breach of contract, and professional negligence. Plaintiff seeks money damages from defendants, rendering this matter an action at law not equity. *See In re Infotopia, Inc.*, Nos. 4:07CV2936, 4:07MC19, 2007 WL 2859774, at *3 (N.D. Ohio Sept. 26, 2007). "Generally, the Seventh Amendment provides a right to a jury trial for actions at law." *Id.* (citing *In re Rodgers & Sons, Inc.,* 48 B.R. 683, 688 (Bankr. D. Okla. 1985) ("this Court follows the line of cases that determine entitlement to jury trial by whether the cause of action lies in equity or is brought at law")). Here, in light of plaintiff Trustee's right to a jury trial, plaintiff's jury demand, defendants' refusal to consent to the entry of final judgment by the Bankruptcy Court, and the fact that plaintiff Trustee is not opposed to the withdrawal of the reference, the Court finds that "cause" exists to withdraw the reference. *Peachtree Lane Assocs., Ltd. v. Granader,* 175 B.R. 232, 235 (N.D. Ill. 1994) (" '[C]ause' to withdraw the reference automatically exists in cases where the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment.") (quoting *In re Americana Expressways, Inc.* 161 B.R. 707, 709 (D. Utah 1993)).

---

[1] Specifically, 28 U.S.C. § 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion for withdrawal of the bankruptcy reference and orders the reference of adversary proceeding 11-1307 be withdrawn from the Bankruptcy Court and immediately transferred to this Court pursuant to 28 U.S.C. § 157 and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure.

**IT IS SO ORDERED**.

Dated: January 31, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**